IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RUSSELL WALTON,

    Plaintiff,

vs.                                                      Civ. No. 97-656 HB/LCS

TOGO WEST, Secretary of the
Army,

    Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

This matter comes before the Court upon Plaintiff's Motion to Strike and Objections to the Summary Judgment Evidence Presented by the Defendant, filed May 18, 1998. Plaintiff asks the Court to strike several of the Defendant's summary judgment exhibits for failing to comply with Fed. R. Civ. P. 56(e). Rule 56(e) states in pertinent part that:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.

The "affidavits must be based upon personal knowledge and set forth facts that would be admissible in evidence; conclusory and self-serving affidavits are not sufficient." **Hall v. Belmon**, 935 F.2d 1106, 1111 (10th Cir. 1991). For instance, hearsay evidence which would be inadmissible at trial may not be included in a summary judgment affidavit. **Thomas v. International Business Machines**, 48 F.3d 478, 485 (10th Cir. 1995)(quoting **Garside v. Osco Drug, Inc.**, 895 F.2d 46, 50 (1st Cir. 1990). Moreover, documents must be authenticated by the

1

affidavit and the affiant must be a person through whom the documents could be admitted at trial. **Canada v. Blain's Helicopters, Inc.**, 831 F.2d 920, 925 (9th Cir. 1987). In other words, there must be a proper foundation. **Id**. Mindful of the above legal standards and having fully considered the Plaintiff's motion and the response thereto, the following is **HEREBY RECOMMENDED**:

**Defendant's Exhibit F: Statement of Accepted Facts, file no. 160131590**

The motion to strike should be granted as to exhibit F because no proper foundation was provided.

**Defendant's Exhibit G: Selected Testimony of Elizabeth A. Ybarra**

The motion to strike should be denied as to exhibit G.

**Defendant's Exhibit J**

The motion to strike should be denied as to exhibit J.

**Plaintiff's Exhibit M: Declaration of David P. Allen**

The motion to strike should be denied as to exhibit M.

**Defendant's Exhibit P**

The motion to strike should be granted as to exhibit P because there is no proper foundation and the exhibit contains hearsay.

**Defendant's Exhibit Q**

The motion to strike should be granted as to exhibit Q but only for those portions of the exhibit objected to.

**Defendant's Exhibit S: Memorandum of Dr. Johnson**

The motion to strike should be denied as to exhibit S.

**Defendant's Exhibit T: Declaration of Estella Johnson**

    The motion to strike should be denied as to exhibit T.

**Defendant's Exhibit U: Affidavit of Brenda Y. Gurley**

    The motion to strike should be denied as to exhibit U.

**Defendant's Exhibit V: Report of Investigation**

    The motion to strike should be granted as to exhibit V.

**Defendant's Exhibit Y: Testimony of Marion J. Barrick**

    The motion to strike should be denied as to exhibit Y.

**Defendant's Exhibit EE: Letter of Ms. Steele**

    The motion to strike should be granted as to exhibit EE except for Ms. Steele's personal observations.

**Defendant's Exhibit CCC: Report of Investigation**

    The motion to strike should be granted as to exhibit CCC.

**Defendant's Exhibit EEE: Affidavit of Robert Tibuni**

    The motion to strike should be denied as to exhibit EEE.

**Defendant's Exhibit FFF: Affidavit of Robert E. Hiser**

    The motion to strike should be granted as to exhibit FFF but only for those portions of the exhibit objected to.

**Defendant's Exhibit GGG: Declaration of Marion J. Barrick**

    The motion to strike should be denied as to exhibit GGG.

**Defendant's Exhibit JJJ: Declaration of Robert Tibuni**

    The motion to strike should be denied as to exhibit JJJ.

**Defendant's Exhibit III: Memorandum of Record-Robert Reidel**

The motion to strike should be granted as to exhibit III because no proper foundation was provided.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
Leslie C. Smith
UNITED STATES MAGISTRATE JUDGE